UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   3:03-CR-136 |
| | ) | |
| LUCKY CLARK | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant Lucky Clark's motion for early termination of supervised release [Doc. 136]. Mr. Clark was sentenced on April 8, 2005, to a term of imprisonment of 144 months for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. After completing the 500-hour drug treatment program, Mr. Clark received a sentence reduction for good behavior and was released from prison on August 8, 2012, followed by a four-month stay at a halfway house in Knoxville and two months of home confinement. Mr. Clark began serving his eight-year term of supervised release in February 2013 and, at present, has been under supervision for approximately 28 months. In support of his motion, Mr. Clark states that he has committed no violations and received no reprimands while under supervision. Mr. Clark further states that he has had no positive drug screens and he has "consistently worked" while under supervision, earning enough to support his family. Mr. Clark argues that his abstinence from controlled substances, his good citizenship, and his employment demonstrate that early termination of his supervised release is warranted.

The government has filed a response opposing Mr. Clark's motion [Doc. 24] for unspecified reasons. Mr. Clark's probation officer, Ms. Rhonda Lay, has advised the undersigned that Mr. Clark has not remained gainfully employed throughout his term of supervised release and he was unemployed from October 31, 2014 to January 4, 2015. On January 20, 2015, Mr. Clark obtained a business license in Knox County and started his own mobile detailing business. However, Ms. Lay has had difficulty verifying the legitimacy of this employment. Further, Mr. Clark has had two instances of contact with law enforcement and one citation which he did not promptly report to his probation officer. Mr. Clark has not been arrested and he has maintained a stable residence.

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. While Mr. Clark has generally complied with the terms of his supervised release, *see* 18 U.S.C. § 3553(a)(1), it appears that he has had two recent interactions with law enforcement which he did not promptly report to his probation officer. *See* 18 U.S.C. § 3553(a)(2)(B). Further, the Court notes Mr. Clark's lengthy criminal history which includes several drug offenses, the seriousness of the instant

2

offense, and the fact that Mr. Clark has served a relatively short portion of his term of supervised release. *See* 18 U.S.C. §§ 3553(a)(2)(C), (a)(2)(D). On balance, it appears to the Court that a continued period of supervised release is necessary to deter Mr. Clark and protect the public from further criminal conduct. Accordingly, for all of these reasons, Mr. Clark's motion for early termination of supervised release [Doc. 23] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE