UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-136 |
| | ) | Judge Phillips |
| LUCKY ROBERT CLARK | ) | |

## MEMORANDUM AND ORDER

Defendant Lucky R. Clark has filed a pro se motion for early termination of supervised release[1] [Doc. 26]. In support of his motion, defendant states that he completed a 12-year term of incarceration and began an 8-year term of supervised release on August 8, 2012. Defendant states that he secured gainful employment and has tried to rejoin society as a positive and productive member. Defendant states he has completed five years and seven months of his term of supervision and he has complied with all of the requirements of his supervision, with the exception of one positive drug screen in May 2017, for which he admittedly has "no excuse." Defendant and his wife have operated a vehicle dealership in January 2015, but he states that the travel restrictions of supervision limit him to four auction sites and put his business at a disadvantage. Thus, defendant has had to decline invitations to join wholesale vehicle auctions across the United States, Europe, Asia, and Australia to grow the business. Defendant notes that he has completed the statutory one-year minimum and over half of his 8-year term of supervision.

---

[1] Although defendant's motion requests "an early release from probation," the record reflect that the defendant was sentenced to and is currently serving a term of supervised release.

The record reflects that defendant pled guilty to conspiracy to distribute and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). On April 8, 2005, the defendant was sentenced to a term of imprisonment of 144 months, followed by 8 years of supervised release [Doc. 19].

The United States Probation Office reports that defendant began his term of supervision on February 1, 2013; he has completed just over 5 years of his term of supervised release. The Probation Officer reports that defendant had an initial period of employment instability, but then he obtained a business license for Clark's Mobile Detailing in January 2015 and opened Empire Motors in May 2016. Defendant married in December 2013 and he has maintained a series of stable residences with his wife and infant son. Defendant has paid the special assessment as ordered. Defendant has had contact with police on two occasions, in November 2014 and June 2017, where he was cited for driving-related violations. Most notably, the Probation Officer opposes the defendant's motion because of his positive drug test for marijuana on April 14, 2017, which he admitted was an attempt to deal with stressors in his life, and his criminal history status as a career offender. The government also opposes the defendant's motion [Doc. 27] based on his positive drug test and his lengthy criminal history

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the

modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. The Court observes that this is the defendant's second motion for early termination [*see* Doc. 23]. In reviewing his initial motion, the Court was advised that the defendant did not promptly report the two interactions with law enforcement to his probation officer [Doc. 25]. *See* 18 U.S.C. § 3553(a)(2)(B). Further, the Court notes the seriousness of defendant's offense of conviction and his criminal history status as a career offender. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). While the defendant has complied with most of the terms of his supervised release and his commitment to running a successful business is commendable, *see* 18 U.S.C. § 3553(a)(1), it appears that he has recently used illegal drugs. *See* 18 U.S.C. § 3553(a)(2)(B) &(C). On balance, it appears to the Court that a continued period of supervised release is necessary to deter the defendant and protect the public from further criminal conduct. *See* 18 U.S.C. §§ 3553(a)(2)(C), (a)(2)(D). Accordingly, for all of these reasons, the defendant's motion for early termination of supervised release [Doc. 26] is **DENIED**.

IT IS SO ORDERED.

                                                     s/ Thomas W. Phillips
                                             SENIOR UNITED STATES DISTRICT JUDGE